IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY M. HICKS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-809-D |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGES, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the two *Orders of Reference*, filed May 31, 2017 and August 29, 2017, before the Court are *Defendant's Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(5) and 12(b)(6), and Brief in Support*, filed May 30, 2017 (doc. 13); *Defendant's Motion to Strike Plaintiff's Objection to Defendant's Motion to Dismiss*, filed July 11, 2017 (doc. 24); and the plaintiff's *Motion for Summary Judgment*, filed August 25, 2017 (doc. 33). Based upon the relevant filings and applicable law, the motion to dismiss should be **DENIED in part** and **GRANTED in part**, the motion to strike is **GRANTED**, and the motion for summary judgment should be **DENIED as moot**.

**I. BACKGROUND**

Amy M. Hicks (Plaintiff), a former adjunct faculty member at Cedar Valley Community College (Cedar Valley), sues Dallas County Community Colleges (Defendant) for breach of contract and overtime wage violations under the Fair Labor Standards Act (FLSA). (docs. 3, 8.)[1] She appears to allege that Defendant breached two employment contracts for her to teach dental assistant courses at Cedar Valley, and that it also failed to pay overtime wages for work she performed outside of her classes in "marketing and advertising" the program and in implementing an externship program for

---

[1] On April 6, 2017, Plaintiff filed her verified Answers to Magistrate Judge's Questionnaire (the MJQ), in which she provided information regarding her claims. (*See* doc. 8.) Her answers constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No., 153*, 23 F.3d 94, 97 (5th Cir. 1994).

dental assistant students. (docs. 3 at 1, 8 at 20-23.)[2] She seeks damages of over $3,000,000.00 for past wages, overtime wages, past and future "benefits," her personal cell phone bills, and for "other expenses." (doc. 8 at 6, 8.)

On May 30, 2017, Defendant filed a motion to dismiss under Rules 12(b)(5) and 12(b)(6). (doc. 13.) After a timely filed response and reply, Plaintiff filed a surreply in opposition to the motion to dismiss. (docs. 17, 20, 22.) On July 11, 2017, Defendant filed a motion to strike Plaintiff's surreply, to which Plaintiff failed to respond. (doc. 24.) Both motions are now ripe.[3]

## II. MOTION TO STRIKE

Defendant moves to strike Plaintiff's surreply because she failed to seek leave before filing it. (*See* doc. 24.)

The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info–Power Int'l, Inc. v. Coldwater Tech., Inc.,* No. 3:07–CV–0937–P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (citation and internal quotation marks omitted). The local rules of this Court "do not allow surreplies as a matter of course." *Tobias v. Price*, No. 3:06-CV-1361-M, 2009 WL 3681981, at *4 n.6 (N.D. Tex. Nov. 4, 2009); *see* L.R. 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence.").

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Before a recommendation was entered on Defendant's motion to dismiss, Plaintiff filed a motion for summary judgment in which she argued that she is entitled to summary judgment on her breach of contract and FLSA claims because there is "more than substantial evidence" on each claim. (doc. 33 at 2-4.) She did not make any new arguments or submit any additional evidence in this motion. (*See id.*)

Here, Plaintiff filed her "Opposition" to Defendant's reply on its motion to dismiss. (doc. 22.) This "Opposition" is liberally construed as Plaintiff's surreply. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring the courts to construe *pro se* pleadings liberally); *Erickson v. Pardus*, 551 U.S. 89 (2007) (same). In her surreply, Plaintiff does not raise any new arguments or factual information, but she instead submits her employee grievance form that she had previously submitted to Defendant based upon the same facts alleged in her complaint. (*See* doc. 22.) Since Plaintiff has already filed a timely response, she was required to seek leave of court before filing a surreply in compliance with the local rules. *See* L.R. 56.7. Because Plaintiff did not seek leave to file her surreply, "it will not be considered." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Defendant's motion to strike is **GRANTED**.[4]

### III.  RULE 12(b)(5)

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(5) because Plaintiff failed to properly serve her complaint in compliance with the Federal Rules of Civil Procedure. (doc. 13 at 2-3.)

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon,* 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex.

---

[4] Even if considered, Plaintiff's surreply would not change the findings or ultimate recommendation on Defendant's motion to dismiss.

1983)). Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

The Dallas County Community College District (DCCCD) is "a junior college district comprised of seven separate colleges which are Brookhaven, Cedar Valley, Eastfield, El Centro, Mountain View, North Lake, and Richland[, where each college] operates independently under a president who reports to the Chancellor of the District [as well as an] elected seven-member Board of Trustees [that] administers the District." *See Dallas Cty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 870 (Tex. 2005); *see Texas Antiquities Comm. v. Dallas Cty. Cmty. Coll. Dist.*, 554 S.W.2d 924, 925-26 (Tex. 1977). A junior college district is "a governmental entity created pursuant to the Texas Education Code." *Owens v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 WL 3172748, at *1 n.1 (N.D. Tex. July 26, 2017) (identifying DCCCD as a governmental entity) (citing Tex. Educ. Code §§ 130.005, 130.176).[5]

Under the Federal Rules of Civil Procedure, a state-created governmental organization is properly served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). A community college's "chief executive officer is [its] Chancellor." *Givens v. N. Harris Montgomery Cmty. Coll. Dist.*, No. H-06-3461, 2008 WL 1912866, at *1 (S.D. Tex. Apr. 28, 2008).

Texas community college districts, such as Defendant, are "entities of an equivalent character to independent school districts." *See Chapman v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:05-CV-1809-G,

---

[5] The Texas Education Code specifically provides that "junior colleges are in fact comprehensive community colleges" and have the same purpose. Tex. Educ. Code § 130.005(a).

4

2006 WL 3442057, at *3 (N.D. Tex. Nov. 29, 2006); *see also Hander v. San Jacinto Jr. Coll.*, 519 F.2d 273, 279 n.3 (5th Cir. 1975), *decision clarified on denial of reh'g* 522 F.2d 204 (5th Cir. 1975) (noting that "junior college districts in Texas enjoy the same legal and constitutional status as 'independent school districts'" and that the "Texas Education Code . . . specifically provides that each junior college district is 'declared to be, and constituted as, a school district' as defined in the Texas Constitution") (citing Tex. Educ. Code §§ 130.084, 130.122(f)). Under Texas law, a citation in a suit against a school district "may be served on the president of the school board or on the superintendent." Tex. Civ. Prac. & Rem. Code § 17.024(c). In the community college context, a superintendent is a "position analogous to the president of a [community] college" and a school board is "[l]ike the [community college's] Board of Trustees." *See Saenz v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:10-CV-742-O, 2011 WL 1935742, at *5 (N.D. Tex. May 16, 2011) (citations omitted).

Here, the proof of service filed in this suit indicates that the complaint was served upon "Audra Barrett, Vice President for Instruction" at Cedar Valley.[6] (*See* doc. 12.) Ms. Barrett is not the Defendant's Chancellor, Chair of the Board of Trustees, or the President of Cedar Valley. Plaintiff has therefore failed to meet her burden to ensure that Defendant was properly served with summons and a copy of the complaint under either the federal or state rules of procedure.

Federal courts have consistently held that as an alternative to dismissal without prejudice, it is within the court's discretion to quash the plaintiff's first attempt at service and provide additional time for proper service. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002); *see Shabazz v. Serv. Emps. Int's Union*, No.

---

[6] In her motion for summary judgment, Plaintiff alleges that she also served her complaint on "Human Resources, Ms. Mary Mallard, and President Joe Seabrooks;" however, there is no proof of service returned or filed for any of these individuals. (*See* docs. 12, 33 at 2.)

5

3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, No. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998)). Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include a plaintiff's *pro se* status and good faith attempt to effect service. *See Monroe v. Texas Util. Co.*, No. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002).

Plaintiff appears to have made a good faith effort to serve Defendant's appropriate agent with her complaint. (docs. 10, 11, 12.) In light of the attempted service and her *pro se* status, Plaintiff should be provided with an additional opportunity to properly serve Defendant under the Federal Rules of Civil Procedure. *See Monroe*, 2002 WL 413866, at *3; *see also Grant-Brooks*, 2002 WL 424566, at *4 ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant") (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)). Defendant's motion to dismiss under Rule 12(b)(5) should be **DENIED**.

### III.  RULE 12(b)(6)

Defendant alternatively moves for dismissal of Plaintiff's claims under Rule 12(b)(6). (*See* doc. 13 at 3-5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is

proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

A.    **Breach of Contract**

Defendant first argues that Plaintiff's breach of contract claims fail because she does not allege "how or when [Defendant] supposedly breached these two instructor contracts for teaching dental

7

assistant courses." (doc. 13 at 3-5.)

The elements of a cause of action for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 628 (N.D. Tex. 2010) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, no pet.)).

Here, Plaintiff alleges that the parties entered into two employment contracts on August 19, 2016 and September 27, 2016.[7] (doc. 8 at 2.) She also identifies the material terms of the contracts, *i.e.*, that Defendant would pay Plaintiff $2,994.00 for each dental assistant class that she taught during the Fall 2016 semester. (doc. 3 at 11-13.) Plaintiff does not allege that she performed the requirements under the contracts by teaching the full semester, however, or that Defendant breached the contracts by refusing to pay her the contracted amount. She instead claims that this amount is an "enormous pay rate reduction" from her typical compensation of "$5,550.00 for 111 Contact Hours." (doc. 17 at 1- 2.) There are no allegations that the two relevant employment contracts were originally for $5,550.00 or that they included terms for additional compensation. Plaintiff has failed to state a claim for breach of contract upon which relief can be granted, and these claims should be dismissed with prejudice.

**B.     FLSA**

Defendant further argues that Plaintiff's overtime claim fails because she is exempt under the

---

[7] Plaintiff attached a copy of each of these alleged contracts in her answers to the MJQ. (*See* doc. 8 at 14-15); *see Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

FLSA. (doc. 13 at 4-5.)

The FLSA requires that employers pay their employees at a rate of at least one and one-half times their regular rate for the hours an employee works in excess of a forty-hour workweek. 29 U.S.C. § 207(a)(1). Employers do not have to pay time-and-a-half to individuals "employed in a bona fide executive, administrative, or professional capacity," however. *Id.* § 213(a)(1). The Secretary of Labor has promulgated regulations specifying that "[t]he term 'employee employed in a bona fide professional capacity' . . . also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a). The term teacher includes "teachers of skilled and semi-skilled trades and occupations." *Id.* § 541.303(b). Whether an exemption applies rests on the nature of the employee's primary duty. An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." *Id.* § 541.700.

Here, Plaintiff alleges that Defendant failed to pay her overtime wages as required under the FLSA for her work as an educator in a community college. (*See* doc. 8 at 3-4.) Although she clearly identifies the primary duty of her employment as teaching in an educational establishment, she fails to respond or explain how the teacher exemption does not apply to her. (*See* doc. 17.) Accordingly, she cannot sustain a claim for violation of the FLSA based upon Defendant's alleged failure to pay her overtime wages. *See Bretton v. Compass Career Mgmt., LLC*, No. 13-663, 2015 WL 349270, at *5 (E.D. La. Jan. 26, 2015) (dismissing FLSA overtime violation due to the plaintiff's exempt status as a teacher). Plaintiff has failed to state a claim under the FLSA upon which relief can be granted,

and it should be dismissed with prejudice.[8]

## V. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiff submitted hundreds of pages of documents with her complaint as well as lengthy answers in response to specific questions on a magistrate judge's questionnaire, which constitute an amendment to her complaint. (*See* docs. 3, 8.) She does not dispute that she has been paid under the two contracts at issue; she contests the appropriateness of the contractual amount. Because her contracts are for employment as a teacher, she is exempt from the FLSA's overtime regulations. It therefore appears that Plaintiff has pled her best case or that amendment would be futile, so an opportunity to amend is therefore unwarranted.

---

[8] Because it is recommended that all of the claims in this suit be dismissed for failure to state a claim, Plaintiff's motion for summary judgment should accordingly be denied as moot. (*See* doc. 33.)

10

## VI. RECOMMENDATION

Defendant's motion to dismiss under 12(b)(5) should be **DENIED,** its motion under 12(b)(6) should be **GRANTED**, and all of Plaintiff's claims should be dismissed with prejudice. Plaintiff's motion for summary judgment should be **DENIED as moot**.

**SO RECOMMENDED** on this 18th day of September, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE