IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMY M. HICKS,<br>　　　　Plaintiff, | §<br>§<br>§ |
| v. | § Civil Action No. 3:17-CV-809-D |
| | § |
| DALLAS COUNTY COMMUNITY<br>COLLEGES,<br>　　　　Defendant. | §<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By the *Order of Reference*, filed February 7, 2018, before the Court for recommendation is *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint under Rules 12(b)(5) and 12(b)(6), and Brief in Support*, filed February 6, 2018 (doc. 46). Based upon the relevant filings and applicable law, the motion to dismiss should be **DENIED in part** and **GRANTED in part**.

## I. BACKGROUND

Amy M. Hicks (Plaintiff), a former adjunct faculty member at Cedar Valley Community College (Cedar Valley), sues Dallas County Community Colleges (Defendant) for breach of contract, an overtime wage violation under the Fair Labor Standards Act (FLSA), and a "violation of [her] constitutional right." (doc. 45 at 2.)[1]

On August 19, 2016, Plaintiff and Defendant entered into an employment contract for Plaintiff to teach a dental assisting "train[ing]" class identified as "DNTA 1015.31232" for the fall 2016 semester.[2] (*Id.* at 2-3, 33.) This class was scheduled to meet from 6:00 p.m. to 9:00 p.m. every Tuesday, Wednesday, and Thursday from August 16, 2016, to November 9, 2016, and Plaintiff would

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff attached a copy of her employment contracts to her second amended complaint. (doc. 45 at 33-36.)

be paid $2,994.00 for her instruction. (*Id.* at 2, 33.) This contract was identified as a "co-op contract," where the "[p]ayment is based on the number of students enrolled in the class," and it was "subject to schedule changes, sufficient enrollment, and/or personnel changes based upon administrative decisions." (*Id* at 33.) Plaintiff received two payments from Defendant of $748.50 on August 31, 2016, and September 30, 2016, for this particular class.[3] (*Id.* at 24-27.) After only six students enrolled, the Cedar Valley administration elected to cancel this class on September 21, 2016. (*Id.* at 3.)

Less than a week later, on September 27, 2016, Cedar Valley and Plaintiff entered into a second employment contract for her to alternatively teach a "lecture" dental assisting class, identified as "DNTA 1015.31235," to those same six students under the same terms and schedule as the original contract. (*Id.* at 2-3, 35.) She alleges that the Cedar Valley administration informed her that if she did not agree to this second contract, that she "would not get paid" under it. (*Id.* at 2.) The second employment contract included the same start/end dates, the same payment amount of $2,994.00, and the same ledger number as the first contract. (*Id.* at 33, 35.) Plaintiff's second amended complaint does not allege that she actually taught this "lecture" class to completion, but it does allege that "two of the students out of the six students total were given their tuition back for the dental assisting class from the second contract." (*Id.* at 3.) Plaintiff received two additional payments from Defendant of $748.50 on October 31, 2016, and November 30, 2016, for class number "DNTA 1015.31235," and she received a total gross amount of $2,994.00 from Defendant during the fall 2016 semester. (*Id.* at 28-31.) She alleges that the amount of $2,994.00 identified in the contracts is a "drastic pay rate reduction" because "[f]or the last 3 or 4 years, Plaintiff's contracts have always been in the amount

---

[3] Plaintiff attached copies of her payroll records during the relevant time to her second amended complaint. (doc. 45 at 22-32.)

2

of $5,550.00 for each term when teaching a dental assisting class." (*Id*. at 4.)

On February 15, 2017, Plaintiff filed a wage claim against Defendant with the Texas Workforce Commission Labor Law Section (Workforce Commission) complaining about the "pay rate reduction" in her teaching contracts and seeking reimbursement for her personal expenses. (*Id*. at 5-6, 13-17.) Her claim was dismissed after the Workforce Commission notified her that it did not have jurisdiction over state government entities such as Defendant. (*Id*. at 6, 13.)

On March 22, 2017, Plaintiff filed this suit against Defendant asserting claims for breach of the employment contracts and for overtime wage violations under the FLSA for the unpaid overtime that she worked as an adjunct instructor at Cedar Valley. (docs. 3, 8.)[4] On May 30, 2017, Defendant moved to dismiss the complaint under Rule 12(b)(5) for insufficient service and under Rule 12(b)(6) for failure to state a claim. (doc. 13.) On December 28, 2017, Defendant's 12(b)(5) motion was denied in order to grant Plaintiff an additional opportunity to properly serve Defendant, and its Rule 12(b)(6) motion was granted because she failed to state a claim. (docs. 38, 44.) Plaintiff was provided an additional 28 days "to file a second amended complaint and to effect proper service of the summons and second amended complaint on defendant." (doc. 44 at 1.)

On January 25, 2018, Plaintiff filed her second amended complaint asserting the same claims for breach of the two employments contracts and for an overtime violation under the FLSA, and she also included a new claim for "violation of [her] constitutional right as a citizen of the United States of America." (doc. 45 at 2.) Her new "constitutional right" claim appears to be based upon the Workforce Commission's denial of her wage claim; she claims the "main element or event that had

---

[4] On April 6, 2017, Plaintiff submitted verified answers to the Magistrate Judge's Questionnaire (the MJQ), in which she provided information regarding her claims. (*See* doc. 8.) Her answers constitute the first amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No., 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

taken place without Plaintiff's knowledge is the [Workforce Commission] had asked for requested documents from Plaintiff." (*Id*. at 5.) She, however, failed to file any return of service showing that the summons and second amended complaint were properly served upon Defendant within the additional 28 days.

Plaintiff alleges that Defendant's actions have caused her pain, suffering, emotional distress, economic hardship, and harm to her reputation, career, and health. (*Id*. at 9.) She asks for compensatory damages, punitive damages, "economical damages" [*sic*], liquidated damages, and treble damages. (*Id*.) She specifically asks that Defendant provide her with health benefits for the next seven years, all of the expenses that she "endure[d] for the last seven years," and all other personal expenses that she incurred in "creating the dental assisting curriculum and the externship dental assisting curriculum." (*Id*. at 8.)

On February 6, 2018, Defendant filed a motion to dismiss under Rules 12(b)(5) and 12(b)(6). (doc. 46.) After a timely filed response and reply, this motion is ripe for recommendation.[5] (docs. 49, 50, 51.)

## II. RULE 12(b)(5)

Defendant first moves to dismiss Plaintiff's second amended complaint under Rule 12(b)(5) because she failed to properly serve her second amended complaint in compliance with the Federal Rules of Civil Procedure. (doc. 46 at 2-3.)

---

[5] On March 26, 2018, Plaintiff filed "*Plaintiff, pro se, Opposition to Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint Under Rules 12(b)(5) and 12(b)(6)*." (doc. 52.) This filing is liberally construed as Plaintiff's surreply. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring the courts to construe *pro se* pleadings liberally); *Erickson v. Pardus*, 551 U.S. 89 (2007) (same). It does not raise any new arguments or factual information, but instead repeats portions from Plaintiff's response. (*See* docs. 49, 52.) The local rules require leave of court before filing a surreply. *See* L.R. 56.7. Because Plaintiff did not seek leave to file her surreply, "it will not be considered." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if considered, however, the findings or ultimate recommendation on Defendant's motion to dismiss would remain the same.

4

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of New York Mellon,* 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). Rule 4(c) places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Here, Plaintiff initially filed proof of service upon Defendant on May 16, 2017 (doc. 12), but this service attempt has already been found to be insufficient because it was not served upon a proper individual who could accept process on behalf of a community college or junior college. (doc. 38 at 5) (explaining that the individual served in this suit was "not the Defendant's Chancellor, Chair of the Board of Trustees, or the President of Cedar Valley.") Because she made a "good faith effort" to serve Defendant, Plaintiff was granted an additional 28 days on December 28, 2017, "to file a second amended complaint and to effect proper service of the summons and second amended complaint" on Defendant. (doc. 44 at 1.) She fails to show that she attempted to properly serve Defendant within the additional 28 days, and the case docket reflects that she has not even requested a summons for Defendant's proper agent of service. She has again failed to meet her burden to ensure that Defendant is properly served with summons and a copy of the complaint

Dismissal for insufficient service under Rule 12(b)(5) is typically not appropriate "unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and is "usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v.*

5

*Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citations omitted). Defendant, however, additionally moves for dismissal of Plaintiff's claims with prejudice under Rule 12(b)(6) for failure to state claim. (doc. 46 at 4-7.) Based upon the recommended resolution of the 12(b)(6) motion as discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary, and Defendant's motion to dismiss for insufficient service should be denied. *See Florance*, 500 F. Supp. 2d at 633 (denying defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(2) because "dismissal for purposes of allowing plaintiff to serve defendants properly [was] unnecessary" when those same defendants "also filed motions to dismiss under Rule 12(b)(6)" that were granted).

### III. RULE 12(b)(6)

Defendant next moves for dismissal of all of Plaintiff's claims under Rule 12(b)(6). (doc. 46 at 4-6.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very

6

remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the

motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper" for a court "to take judicial notice of matters of public record" when deciding a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached to her second amended complaint copies of the two employment contracts between the parties, her payroll records and statements from the fall 2016 semester, and the records from her wage claim filed with the Workforce Commission. (doc. 45 at 11-51.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Conversion of this motion to dismiss into a summary judgment motion is unnecessary.

A.   **Breach of Contract**

Defendant first argues that Plaintiff's breach of contract claim fails because it "remains deficient for the same reasons articulated in the Recommendation" on its initial motion to dismiss. (doc. 46 at 4-5.)

The elements of a cause of action for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *See Narvaez v. Wilshire Credit Corp.*,

8

757 F. Supp. 2d 621, 628 (N.D. Tex. 2010) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, no pet.)).

Here, Plaintiff's second amended complaint alleges that Defendant breached the contracts because it cancelled the first class "without the request from all six students," that "two of the students out of six students total were given their tuition back for the dental assisting class from the second contract," and that both contracts contained a "drastic pay reduction" from her prior teaching contracts, which had a rate of $5,550.00. (doc. 45 at 2-4.) She continues to fail to state a breach of contract claim because the second amended complaint does "not allege that she performed the requirements under the contracts by teaching the full semester . . . or that Defendant breached the contracts by refusing to pay her the contracted amount," and she further fails to allege that "the two relevant employment contracts were originally for $5,550.00 or that they included terms for additional compensation." (doc. 38 at 8.) Plaintiff alleges that Defendant breached terms that were not in the contracts, not the terms that were actually included and agreed upon. Her allegations of breach of contract fail to state a claim and should be dismissed with prejudice.

**B. FLSA**

Defendant next argues that Plaintiff's overtime claim fails because she was an exempt employee under the FLSA. (doc. 46 at 5-6.)

The FLSA requires that employers pay their employees at a rate of at least one and one-half times their regular rate for the hours an employee works in excess of a forty-hour workweek. 29 U.S.C. § 207(a)(1). Employers do not have to pay time-and-a-half to individuals "employed in a bona fide executive, administrative, or professional capacity," however. *Id.* § 213(a)(1). The Secretary of Labor has promulgated regulations specifying that "[t]he term 'employee employed in a bona fide

9

professional capacity' . . . also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a). The term teacher includes "teachers of skilled and semi-skilled trades and occupations." *Id.* § 541.303(b). Whether an exemption applies rests on the nature of the employee's primary duty. An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." *Id.* § 541.700.

Here, Plaintiff was notified by this Court that she failed to state a claim under the FLSA and that she must amend her overtime violation claim because she "fails to respond or explain how the teacher exemption does not apply to her," even though "she clearly identifies the primary duty of her employment as teaching in an educational establishment." (doc. 38 at 9.) In her second amended complaint, she again fails to explain why the teacher exemption does not apply to her position as an "Adjunct Instructor," except to say that "employees who are paid less than $23,600.00 per year are nonexempt." (doc. 45 at 4.) Even assuming that Plaintiff was paid less than $23,600.00, this fails to identify why she would not be exempt in a "bona fide executive, administrative, or professional capacity" as a teacher. *See Bretton v. Compass Career Mgmt., LLC*, No. 13-663, 2015 WL 349270, at *5 (E.D. La. Jan. 26, 2015) (dismissing FLSA overtime violation due to the plaintiff's exempt status as a teacher). Plaintiff has failed to state an overtime violation claim under the FLSA, and it should be dismissed with prejudice.

C. **"Constitutional Right" Violation**

Defendant next contends that Plaintiff's new claim for a "constitutional right" violation fails to state a claim because it does not specify any constitutional right and is based upon conduct from

a non-party. (doc. 46 at 6.)

In her second amended complaint, Plaintiff alleges a violation of her "constitutional right as a citizen of the United States of America" against the Workforce Commission when it denied her wage claim against Defendant for lack of jurisdiction under Chapter 61 of the Texas Labor Code.[6] (doc. 45 at 5.) She further states in her response to the motion to dismiss that the Workforce Commission "had no right to interfere without an invitation or necessity in relation to Plaintiff's case or this matter at hand." (doc. 49 at 3.) It is not clear what she refers to here because the Workforce Commission has not entered into this suit, and Plaintiff herself contacted the Workforce Commission "requesting regular wages and reimbursement for expenses" from Defendant. (doc. 45 at 17.) She, moreover, "has not provided a particularized statement of facts to show her alleged violation of rights protected by the United States Constitution." *Grant v. Seabron*, No. SA-15-CA-964-RP, 2015 WL 13546621, at *9 (W.D. Tex. Nov. 10, 2015), *adopted by* 2016 WL 9455621 (W.D. Tex. Jan. 25, 2016), *aff'd by* 689 F. App'x 288 (5th Cir. 2017). Even if Plaintiff did identify a specific violation of her constitutional rights, the alleged conduct was performed by the Workforce Commission and not Defendant. (*See* docs. 45 at 5, 49 at 3.) Any "constitutional right" violation against Defendant should be dismissed with prejudice for failure to state a claim.[7]

### IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to

---

[6] Chapter 61 of the Texas Labor Code "does not apply to the United States, this state, or a political subdivision of this state." Tex. Labor Code § 61.003.

[7] Plaintiff's response includes the following list of "citations": (1) "Osborn v. Bank of the U.S.,"(2) "Essential Federal Ingredient Test (Smith and Grable)," (3) "08-073-Carroll v. Knox County Board of Education," (4) "Cost v. Ash," (5) "Bivens v. Six Unknown Named Agents (Section 1331)," and (6) "Love v. Delta Air Lines." (doc. 49 at 6.) It does not explain how any of these cases or legal authority are applicable to her second amended complaint or her claims against Defendant, and their applicability is not is not apparent. (*Id*.)

give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiff has now amended her complaint twice and has filed hundreds of pages of documents relating to her claims in this suit. (*See* docs. 3, 8, 45.) She nevertheless continues to be unable to state a claim upon which relief can be granted, even when she was specifically instructed on how her claims were deficient. (*See* docs. 38, 44.) It therefore appears that Plaintiff has pled her best case and that any additional amendment would be futile, so an opportunity to amend is unwarranted.

## V.   RECOMMENDATION

Defendant's motion to dismiss under Rule 12(b)(5) should be **DENIED**, its motion under Rule 12(b)(6) should be **GRANTED**, and all of Plaintiff's claims should be dismissed with prejudice for failure to state a claim.

**SO RECOMMENDED** on this 25th day of April, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13